**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT F. PESOTSKI, <u>et al.</u>,** | : |
| **Plaintiffs** | : |
| | : **No. 1:17-cv-00221** |
| **v.** | : |
| | : **(Judge Kane)** |
| **SUMMA & IEZZI, INC.,** | : |
| **Defendant** | : |

<u>**MEMORANDUM**</u>

Before the Court is Plaintiffs' motion for default judgment. (Doc. No. 6.) For the reasons that follow, the Court will grant the motion and enter default judgment in favor of Plaintiffs.

**I. BACKGROUND**

On February 6, 2017, Plaintiffs Robert F. Pesotski, Joline Sobeck, Laborers' Local No. 130 Pension Fund ("Pension Fund"), Laborers' Local No. 130 Annuity Fund ("Annuity Fund"), and Laborers' Local No. 130 Welfare Fund ("Welfare Fund") (collectively referred to as the "ERISA Funds") filed a complaint against Defendant Summa & Iezzi, Inc. pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145. (Doc. No. 1.) In their complaint, Plaintiffs allege that Defendant failed to make timely contributions under ERISA and pursuant to the parties' collective bargaining agreements. (<u>Id.</u>)

According to the complaint, Defendant has agreed to the terms of a collective bargaining agreement ("Agreement"), the "Amended and Restated Agreements and Declarations of Trust of the Funds ("Trust Agreements"), and to plan documents for the Annuity Fund, Pension Fund and Welfare Fund ("plan documents"). (Doc. No. 1 ¶¶ 9, 12-13.) The Agreement, Trust Agreements, and plan documents require Defendant to make "full and timely payment on a

1

monthly basis" to the ERISA Funds, to file remittance reports, and to pay liquidated damages in the event Defendant fails to comply with its obligations. (Id. ¶ 14.)

In Count 1 of the complaint, Plaintiffs allege that Defendant violated 29 U.S.C. §1145 by failing to make timely payments for the months of February through December of 2016. (Id. ¶ 16.) Plaintiffs claim that Defendant owes $6,374.01 in liquidated damages and interest under the Agreement, Trust Agreements and plan documents for its delinquent contributions. (Id. ¶ 17.) The complaint also demands judgment for the contributions remain outstanding for the months of March 2016, October 2016 and November 2016. (Id. ¶ 18.) In Count II of the complaint, Plaintiffs allege that Defendant violated the collective bargaining agreement by failing to make timely payments for the months of February through December of 2016. (Id. ¶¶ 20-21.) In addition to liquidated damages and interest, Plaintiffs seek reasonable attorneys' fees, $400.00 in filing fees, and $137.50 in service fees. (Doc. No. 1 ¶¶ 18, 23.)

The docket reflects, following the filing of the complaint, Plaintiffs filed an affidavit of service representing that Defendant was served with the summons at its office by delivering the summons and complaint "into the hands of an officer or managing agent." (Doc. No. 3.) When Defendant failed to respond to the complaint, Plaintiffs requested the Clerk of Court to enter default against Defendant on March 13, 2017. (Doc. No. 4.) On March 13, 2017, the Clerk of Court entered default against Defendant. (Doc. No. 5.) On May 8, 2017, Plaintiffs moved for default judgment under Federal Rule of Civil Procedure 55(b)(2). (See Doc. Nos. 6, 7 at 4.) In their motion for default, Plaintiffs request that the Court enter judgment against Defendant in the amount of $20,375.89. (Doc. Nos. 6 at 2-3; 6-2 at 1-2.)

The $20,375.89 sum includes $6,374.01 in liquidated damages and interest for untimely monthly contributions made in February, March, April, May, June, July, August and December

2016 (Doc. Nos. 6-2 at 2); $50.00 in unpaid contributions for March 2016 (Doc. Nos. 6-1 at 7, 58; 6-2 at 2); $1,442.23 in liquidated damages and interest for untimely monthly contributions in September 2016 (Doc. Nos. 6-2 at 2); $4,971.84 in unpaid contributions as well as $775.53 in liquidated damages and interest for October 2016 (<u>see</u> Doc. Nos. 6-1 at 9, 64; 6-2 at 2); and $3,225.68 in unpaid contributions as well as $473.93 in liquidated damages and interest for November 2016 (<u>see</u> Doc. Nos. 6-1 at 9, 65; 6-2 at 2). The $20,375.89 sum also includes amounts that were not explicitly alleged owed in the complaint: $125.45 in untimely monthly contributions for January 2017 (Doc. Nos. 6-1 at 8; 62-2 at 2); $146.23 in unpaid contributions as well as $280.05 in liquidated damages and interest for February 2017; and $2,485.87 in unpaid contributions as well as $25.07 in liquidated damages and interest for March 2017.[1] (Doc. Nos. 1; 6-1 at 9, 66, 67; 62-2 at 2.)

Plaintiffs certify that copies of their motion for default judgment have been mailed via first class mail to Defendant's address in Dunmore, Pennsylvania. (Doc. No. 6 at 3.) As Defendant has not responded to the pending motion for default judgment, the Court deems Plaintiffs' motion for default judgment unopposed. Accordingly, this matter is not ripe for disposition.

## II.    STANDARD OF REVIEW

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). 10A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default

---

[1] In Counts I and II of the complaint, Plaintiff demand judgment against Defendant that includes: "any additional contributions due since the filing of this action" and "any additional liquidated damages and interest due since the filing of this suit." (Doc. No. ¶¶ 18, 23.)

as provided by Rule 55(a).").  Once the Clerk of Court has entered a default, the party seeking the default may then move for the Court to enter a default judgment under Rule 55(b)(2).  Entry of default does not entitle a claimant to default judgment as a matter of right.  10 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 55.31 (Matthew Bender ed. 2010).  Indeed, it is well settled that decisions relating to default judgments are committed to the sound discretion of the district court.  Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).  "A finding that default judgment is appropriate, however, is not the end of the inquiry."  Martin v. Nat'l Check Recovery Servs., LLC, No. 1:12-CV-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016).  Prior to its entry of default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action."  Wright et al., supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.") (citations omitted).

In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof."  E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted).  However, the Court need not accept the moving party's factual allegations relating to the amount of damages.  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III.    DISCUSSION

### A.    Default Judgment

Upon review of the motion for default judgment, the Court is persuaded that the three

Chamberlain factors favor granting default judgment.  First, if the motion is denied, Plaintiffs

will be prejudiced by the "inability to proceed with their action."  See Broad. Music, Inc. v. Kujo

Long, LLC, No. 14-449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014).  Second, Defendant

has not responded to the allegations and, thereby, has failed to assert a defense.  See Laborers

Local Union 158 v. Fred Shaffer Concrete, No. 10-1524, 2011 WL 1397107, at *2 (M.D. Pa.

Apr. 13, 2011) (Kane, J.).  Finally, as to Defendant's culpability in the delay, Plaintiffs submitted

an affidavit by APS International, Ltd. stating that the summons and complaint were delivered on

February 16, 2017 to an administrative assistant, who APS International, Ltd. represented to be

"an officer or managing agent."  (Doc. No. 3.)  Defendant has yet to respond to or appear in the

action despite having received notice of this action through service of the complaint and

summons.  Absent any explanation for Defendant's failure to respond, the Court finds Defendant

culpable for the delay.  Thus, upon consideration of the foregoing, the Court finds default

judgment appropriate under the circumstances.  See Laborers Local Union 158, 2011 WL

1397107, at *2.  The Court turns to whether the complaint adequately alleges violations of

Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145.[2]

Section 502 of ERISA, codified under 29 U.S.C. § 1132, "provides that an ERISA

fiduciary . . . may bring a civil action to recover contributions withheld from an ERISA plan."

Finkel v. Romanowicz, 577 F.3d 79, 82 n.3 (2d Cir. 2009) (citing  29 U.S.C. § 1132).  Section

---

[2] The complaint twice references Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), in relation to its allegations that this Court has jurisdiction over the action and that venue is proper in the Middle District of Pennsylvania.  (Doc. No. 1 ¶¶ 1, 2.) The Court declines to discuss the LMRA absent any indicia that Plaintiffs seeks to bring a claim under Section 301 of the LMRA.  (See Doc. Nos. 1, 6, 6-1.)

502 of ERISA also permits a "fiduciary for or on behalf of a plan to enforce [29 U.S.C. §] 1145

... in which a judgment in favor of the plan is awarded." See 29 U.S.C. § 1132(g)(2). Section

515 of ERISA, codified under 29 U.S.C. § 1145, provides that "[e]very employer who is

obligated to make contributions to a multi-employer plan under the terms of the plan or under the

terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make

such contributions in accordance with terms and conditions of such plan or such agreement." 29

U.S.C. § 1145. If this Court enters judgment in favor of Plaintiffs to enforce Section 515 of

ERISA, 29 U.S.C. § 1132(g)(2) mandates awarding the plan:

> (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an
> amount equal to the greater of--
>> (i) interest on the unpaid contributions, or (ii) liquidated damages
>> provided for under the plan in an amount not in excess of 20
>> percent (or such higher percentage as may be permitted under
>> Federal or State law) of the amount determined by the court under
>> subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant,
> and (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Here, Plaintiffs allege that they are fiduciaries of the Pension Fund, Annuity Fund, and

Welfare Fund for purposes of collecting the contributions due to the funds. (Doc. No. 1 ¶¶ 9-10.)

Plaintiffs maintain that the Pension Fund, Annuity Fund and Welfare Fund qualify as a

"multiemployer plan" and an "employee benefit plan" under 29 U.S.C. §1002(37). (Id. ¶¶ 4, 6,

8.) Plaintiffs further assert that Defendant is an employer that conducts business with the ERISA

Funds, entered into the collective bargaining agreement, and agreed to the terms of the Trust

Agreements. (Id. ¶¶ 11-13.) Plaintiff alleges (1) that Defendant "failed to timely pay amounts

due under the Agreement, Trust Agreements and plan documents" for February through

December 2016; and (2) that Plaintiff is still owed contributions for the months of March,

October and November 2016. (Id. ¶¶ 16, 21, 23.)

Accepting the factual allegations in the complaint as true, see DIRECTV, Inc. v. Pepe, 431 F.3d 162, 167 (3d Cir. 2005), the Court finds that Plaintiffs have alleged a "a legitimate cause of action" under Sections 502 and 515 of ERISA.  See Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008).

**B.     Amount of Judgment**

As a final matter, the Court must determine the amount to be awarded.  In their motion for default judgment, Plaintiffs urge the Court to direct Defendant to pay $20,375.89 to Plaintiffs.  (Doc. No. 6 at 1.)

As a general matter, "[a]lthough the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain."  Trustees of the Pipefitters & Plumbers Local 524 Pension & Annuity Plan v. Yannuzzi, Inc., No. 15-2085, 2016 WL 4479394, at *3 (M.D. Pa. Aug. 25, 2016) (quoting Int'l Painters & Allied Trades Indus. Pension Fund v. Davanc Contracting, Inc., 808 F. Supp. 2d 89, 94 (D.D.C. 2011)).  However, under 29 U.S.C. § 1132(g)(2),[3] the ERISA statute mandates that Plaintiffs be awarded:

> (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of--

---

[3] Section 11.04 of the Agreement (Doc. No. 6-1 at 2, 11-12), also provides, in relevant part, that:
> If an Employer shall fail to pay his Employer contributions to the Pension Fund, and Welfare Fund when same shall be due and payable, he shall be considered delinquent and in breach of this Agreement and shall pay, as an additional amount to cover bookkeeping costs and other incidental expenses the sum of Twenty Dollars ($20.00) or ten (10%) of the amount of the delinquent payment, whichever is greater, plus interest on the amount of employer contributions due at the rate of one percent (1%) per month until paid. In addition, the delinquent Employer shall be liable for the Trustees' reasonable expenses, including attorney's fees and other expenses incurred in the collection of such delinquent Employer's contributions.

(Doc. No. 6-1 at 32.)

(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). "In reaching the decision as to the amount a plaintiff is entitled to recover, the Court 'may rely on detailed affidavits or documentary evidence to determine the appropriate sum [to be awarded pursuant to] the default judgment.'" Teamsters Local 639-Employers Health Trust v. Boiler & Furnace Cleaners, Inc., 571 F. Supp. 2d 101, 107 (D.D.C. 2008) (quoting Flynn v. Mastro Masonry Contractors, 237 F. Supp. 2d 66, 69 (D.D.C. 2002)).

Here, in support of $20,375.89 sum, Plaintiffs submit the affidavit of Joseph Rostock; attach copies of the monthly remittance forms that Defendant filled out for the months of September, October, and November 2016 as well as January, February, and March 2017; and attach copies of notices sent to Defendant. (Doc. No. 6-1 at 58, 60, 62, 64-67.) The Court finds that Plaintiffs' submissions adequately establish the requested sum of $10,879.6 in unpaid contributions (Doc. Nos. 6-1 at 7, 9, 58, 64-67; 6-2 at 2); and $9,496.27 in liquidated damages and interest. 29 U.S.C. § 1132(g)(2)(A-C). The Court will grant Plaintiffs' motion for default judgment in the amount of $10,879.6 in unpaid contributions and $9,496.27 in liquidated damages and interest for the delinquent contributions, totaling the $20,375.87 sum requested.[4]

---

[4] As to costs and attorneys' fees, Plaintiffs request $400.00 in filing fees, $137.50 in service fees, and "reasonable attorneys' fees" in their complaint. (Doc. No 1 ¶¶ 18, 23.) Plaintiffs have not requested a specific amount in attorneys' fees nor provided this Court with any means to calculate reasonable attorneys' fees under the lodestar. See Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *5 (D.N.J. July 24, 2012) (identifying the lodestar as the starting point for assessing reasonable attorneys' fees under 29 U.S.C. 1132(g)(2)). However, in their motion for default judgment and corresponding proposed order, Plaintiffs explicitly request the sum of $20,375.89 – which omits the earlier $537.50 request for costs – and do not refer to attorneys' fees or costs

## IV. CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's motion for default judgment.
(Doc. No. 6.)  An appropriate Order follows.

therein.  (Doc. No. 6.)  Therefore, the Court will deny Plaintiffs' request for attorneys' fees as
unsupported by the record and their earlier request for $537.50 in costs as withdrawn.